UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

AVONDRE CURRIE,

                                     Plaintiff,

            -against-

KWASI BARRATT; PO SANTANA, and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                     Defendants.
---------------------------------------------------------------------X

*__COMPLAINT AND__*
*__JURY DEMAND__*

ECF CASE

Docket No.
1:15-cv-753

Plaintiff Avondre Currie, by his attorney Cary London, Esq. of London Indusi, LLP, for

his complaint against the above Defendants alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments to the U.S. Constitution.

2. The claim arises from a December 5, 2014 incident in which Defendants, acting under

color of state law, arrested Mr. Currie for no valid reason at the Wilson Avenue L Line Subway

Station in Brooklyn, N.Y. Mr. Currie spent approximately 6 hours unlawfully in police custody. On

February 5, 2015, Mr. Currie's case was dismissed and sealed.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

**JURISDICTION**

1

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Avondre Currie ("Mr. Currie") resided at all times in Kings County, in the City and State of New York. Plaintiff is a student.

8. Defendant Kwasi Barratt, ("Barratt") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Barratt was, at the time relevant herein, a Police Officer under Shield # 21678 in Transit District 33. Defendant Barratt is sued in his individual capacity.

9. Defendant Police Officer Santana, ("Santana") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Santana was, at the time relevant herein, a Police Officer under Shield # 16524 in Transit District 33. Defendant Santana is sued in his individual capacity.

10. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

2

11. On December 5, 2014, at approximately 1:00 p.m., Mr. Currie was walking from his School to the Wilson Avenue L-Train Subway Station in Brooklyn, NY.

12. Mr. Currie's School, Pathways to Graduation, is located at 1474 Gates Avenue in Brooklyn, NY.

13. Mr. Currie entered the Wilson Avenue Subway Station, swiped his student issued metro card, and walked through the subway gate onto the platform.

14. Defendant Barratt and Defendant Santana approached Mr. Currie from behind.

15. Defendant Santana said, "What metro card did you use?"

16. Mr. Currie replied, "My school metro."

17. Defendant Santana said, "Let me see it."

18. Mr. Currie complied with the defendant's order and took his school metro card out of his wallet and gave it to the defendants.

19. Defendant Santana said, "What school do you go to?"

20. Mr. Currie responded, "Pathways to Graduation. I just came from School."

21. Defendant Santana asked for identification and Mr. Currie complied.

22. Defendant Barratt searched Mr. Currie's person without his permission.

23. No contraband was found.

24. Defendant Barratt and Defendant Santana unlawfully handcuffed Mr. Currie and placed him under arrest.

25. Defendants then unlawfully handcuffed Mr. Currie and placed her under arrest.

26. At no point did the Defendants observe Mr. Currie commit any crime or offense.

27. The Defendants had no probable cause to arrest Mr. Currie.

28. Mr. Currie did not violate any law or local ordinance.

3

29. Mr. Currie did not resist arrest.

30. Defendant Barratt Santana then placed Mr. Currie into an NYPD vehicle and drove him to Transit District 33.

31. Defendant Santana and Defendant Barratt took Mr. Currie's student metro card and did not give it back.

32. Defendant Santana and Defendant Barratt then issued Mr. Currie a Desk Appearance Ticket for Court on February 5, 2015.

33. Defendant Barratt and Defendant Santana, acting in concert and with malice, conveyed false information to prosecutors in order to have Plaintiff prosecuted for Theft of Services and Trespass.

34. Mr. Currie spent approximately 6 hours unlawfully in police custody.

35. On February 5, 2015, Mr. Currie's case was dismissed and sealed.

36. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Currie without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Currie without probable cause.

37. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Currie and violate his civil rights.

38. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages, a violation of her rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

4

## FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

41. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

42. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)     In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)     Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)     Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 5, 2015
       Brooklyn New York

Respectfully submitted,

_____/s/ Cary London, Esq._____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Currie
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com

6